ANNA DAVIS AND AUGUSTUS DAVIS, HER HUSBAND, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-RESPONDENT.

Submitted May 26, 1934—Decided September 27, 1934.

For the appellant, *Edmond J. Dwyer* (*Louis Auerbacher, Jr.*, of counsel).

For the respondent, *Henry H. Fryling* (*James O. Boyd*, of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff Anna Davis, while a passenger in one of the defendant's motor buses, was injured when the bus collided with a pole.  She brought suit against the defendant to recover for such injury and her husband joined therein to recover for his consequential expenditures, &c.

At the close of the plaintiffs' case the defendant moved for a nonsuit, which was denied.  At the close of the whole case the defendant moved for a direction of the verdict in its favor, which was granted on the ground that there was no evidence of negligence upon the part of the defendant, and the plaintiff appealed from the consequent judgment.

The sole contention of the plaintiff is that the direction of the verdict was not justified by the proofs.

We think that is so.

The defendant was a common carrier of passengers and was obliged to exercise a high degree of care to protect its passengers from danger that foresight could anticipate. *Rivers* v. *Pennsylvania Railroad Co.*, 83 *N. J. L.* 513.

By foresight is meant not foreknowledge absolute, nor that exactly such an accident as has happened was expected or

apprehended; but rather that the characteristics of the accident are such that it can be classified among events that, without due care, are likely to occur, and that due care would prevent. *Rivers* v. *Pennsylvania Railroad Co., supra.*

The learned trial judge thought that the evidence showed that the driver of the defendant's bus "did what a reasonably prudent man, owing a duty of using a high degree of care to his passengers, would have done under the circumstances." It may be that the jury might have taken that view if the case had been submitted to them.

As we shall point out, we think that the direction of the verdict rests upon the defendant's testimony alone and disregards salient features of the plaintiff's testimony.

Now the rule is that a trial judge in passing upon defendant's motion for a directed verdict, is not concerned with the credibility of witnesses, nor with the weight of the evidence, but must take as true all evidence which supports the plaintiff's view and must give him the benefit of all legitimate inferences which may be drawn therefrom in his favor. *Andre* v. *Mertens,* 88 *N. J. L.* 626; *Miller* v. *Public Service Co-ordinated Transport,* 111 *Id.* 339.

A careful examination of the testimony demonstrates that, tested by this rule, the question was for the jury and not for the court.

The pertinent testimony upon the part of the plaintiff was, in substance and effect, as follows: The defendant's bus, in which the plaintiff was a passenger for hire, was being operated on December 24th, 1931, at four P. M., in a southerly direction on Frelinghuysen avenue in the city of Newark. The day was clear and the pavements dry. The bus was proceeding upon its right-hand side of the road in what is called the first lane of traffic at a speed of twenty-five or thirty miles an hour as it approached the Meeker avenue intersection where the red light was set against it. An automobile traveling in the same direction had passed the bus and had stopped and was standing still about fifty feet from the intersection and "about five or six feet" from the right-hand curb, and in or near the traffic lane to the left, waiting for the light to

change. That was the only car in the immediate vicinity at the moment of the accident. The defendant's bus, when about fifty or sixty feet from the intersection and traveling about twenty-five miles an hour, undertook to get into the space of five or six feet between the standing automobile and the right-hand curb, and "just faintly skimmed" the automobile. The defendant's driver then swung the bus sharply to the right and it mounted the curb and collided with an iron pole, about three feet inside the curb, with terrific force sufficient to bend the pole, throwing all, or nearly all, of the passengers in the bus to the floor and injuring the plaintiff.

Such were the facts as the jury might find them from the testimony of plaintiff's witnesses, if the jury saw fit to believe them.

It is true that the driver of defendant's bus testified to a different factual situation, notably in respect to the speed of his bus and his assertion that there were two automobiles on his left which had passed him, the last of which cut in front of him, and that he made the swing towards the curb in order to avoid a collision.

But his testimony in these and other respects was in conflict with the testimony of the plaintiff to which we have briefly referred, and did not justify a direction of a verdict under the rule heretofore stated.

It was this conflict of testimony which required the submission of the case to the jury. If the plaintiff's testimony was to be believed, as the jury had a right to believe it, the accident was one that without due care was likely to occur and that due care would have prevented, and it resulted from the failure of the driver of defendant's bus to exercise the high degree of care owed by the defendant to the plaintiff in the circumstances in not having his bus under proper control as to speed and movement, which failure was the proximate cause of the accident.

It will be observed that the present case differs from that of *Martens* v. *Martens,* 11 *N. J. Mis. R.* 705, upon which the trial judge and the respondent relied, in several respects, notably in that there the excessive speed was not the proximate

cause of the accident, and here it was, as the jury might have found.

The judgment under review will be reversed, costs to abide the event of a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.