JAMES GARVEY, PLAINTIFF-APPELLLANT, v. PUBLIC SER-
VICE CO-ORDINATED TRANSPORT, A CORPORATION,
DEFENDANT-RESPONDENT.

Argued October 24, 1947—Decided January 29, 1948.

For the plaintiff-appellant, *John C. Barbour*.

For the defendant-respondent, *Carl T. Freggens* (*Luke
A. Kiernan, Jr.*, of counsel).

The opinion of the court was delivered by

WELLS, J.    This is an appeal from a judgment entered in
the New Jersey Supreme Court, Passaic Circuit, following
direction of verdict in favor of the defendant, Public Service
Co-ordinated Transport, and against the plaintiff, James
Garvey.

The facts and circumstances of this case are not in dispute.
Between half-past eight and nine o'clock on the evening of
October 7th, 1942, the plaintiff was a passenger on a bus
owned by the defendant.    Plaintiff was sitting on the front
seat, on the right-hand side of the bus across the aisle from
the driver.

Immediately preceding the accident the bus was proceed-
ing in a general northerly direction along North Main Street
in the City of Paterson.    A stop was made at the southeasterly
corner of North Main Street and North Straight Street in
order to pick up a passenger.    At this intersection North
Straight Street was eighty feet wide on the easterly side of
North Main Street, and only forty-eight feet wide on the

westerly side, with the northerly curb of North Straight Street being in the same line on each side of North Main Street.

East of North Main Street, North Straight Street was divided into two lanes by a park. The southern lane was offset in such manner that traffic moving in an easterly direction on North Straight Street would have to bear to the right in crossing North Main Street so as to continue on in the proper lane. From North Main Street going westerly North Straight Street rose at a two per cent. grade for one block of approximately 250 feet, and then ended in Haledon Avenue which rose at an eight to ten per cent. grade.

After making the stop as indicated above, defendant's bus entered the intersection on North Main Street and proceeded across North Straight Street at an even speed of from three to five miles per hour. When the bus had reached a point at least three-quarters of the way across North Straight Street, it was struck by a truck being driven by one Josey, which had been going in an easterly direction on North Straight Street. The point of impact on the bus was between the middle and rear of the left side, and when the vehicles stopped, they were both within North Main Street north of the intersection with no part of either vehicle extending into the intersection.

The movement of the Josey truck was described by a Mrs. Asay, a witness for the plaintiff, who was a passenger on the bus sitting just behind the driver on the left-hand side. As the bus was crossing the intersection, she was looking through the window on the left side in a westerly direction up North Straight Street. When she first saw the truck, it was approximately 150 feet away, coming toward the intersection, and moving across North Straight Street from its right to the left-hand side of the street. The truck had no lights, and was "coming very fast." Later evidence showed it to have been heavily loaded with cord wood.

Additional evidence of a police officer testifying for the defendant showed that there were tire marks from the truck which started approximately 200 feet west of the intersection. These marks substantiated the fact that the truck had moved from the right to the left side of the street in coming toward

the intersection. The testimony of a Mr. Chaplin, a witness for the defendant, showed that the truck was completely on its left side of the street just before it struck the bus.

As a result of this collision the plaintiff sustained certain injuries, and action was instituted against the defendant. The trial court refused a motion for nonsuit, but later granted a motion for directed verdict in favor of the defendant. It is from the judgment entered on this verdict that appeal is taken.

Plaintiff contends that the trial court erred in directing the verdict for the defendant and not permitting the jury to pass upon the question of negligence. He cites the principles that a common carrier is charged with exercising a high degree of care, and that the happening of an accident, which in the ordinary course of events would not have happened if proper care had been used, raises an implication of negligence. He claims a possible finding by the jury that the driver of the bus should have noted the course of the truck to the same extent as the witness, Mrs. Asay, and that the driver was chargeable with doing something to avoid the collision instead of proceeding at a steady rate of speed across the intersection. Plaintiff argues that there could be a reasonable inference that the bus drove blindly across the intersection into the path of what he himself describes as "the derelict truck."

The application of the legal principles relied upon by the plaintiff were considered by this court in the case of *Cox* v. *Scott*, 104 *N. J. L.* 371. The question under consideration was the direction of a verdict in favor of the defendant owner of a bus, and this court said: "It is true that Rosenvinge was a common carrier and was obliged to exercise towards his passengers a high degree of care to transport them safely. It is also true that the proof of a happening of a collision between the bus and a vehicle on the highway, an accident which, in the ordinary course of events, would not have happened if proper care had been used, raised an implication of negligence on the part of the bus owner * * *. A presumption of this character may be entirely wiped out by uncontradicted proof to the satisfaction of the court to the

contrary. If such proof is offered the question becomes one for the court to decide."

There can be no question as to the soundness of the legal principles cited by the plaintiff. However, these principles of themselves cannot be relied upon to establish proofs or inferences of negligence. It is the application of these principles to the evidence presented which determines the propriety of action taken by the trial court.

The clear testimony indicates that the driver of the bus, who died before the trial, was crossing an intersection of somewhat unusual nature, and that proper attention to both directions was required in order to exercise proper care. The bus was underway when the witness Asay first saw the Josey truck some 150 feet away. Mrs. Asay was able to follow the course of the truck without necessity of regard or responsibility for watching the movement of any other traffic at or near the intersection. The truck was traveling without lights and had crossed completely to the wrong side of the street before striking the bus. The bus had almost negotiated the intersection before the collision, and had completely passed the normal line of passage which would be taken by a vehicle moving in the direction being followed by the truck.

Our review of the testimony indicates that the jury could not have inferred negligence on the part of the bus driver except upon two premises which are equally untenable. In the first place, they would have to impose a duty of continuing to look in the direction from which the truck came. This is not only contrary to the doctrine stated by this court in *LeBavin* v. *Suburban Gas Co.*, 134 *N. J. L.* 10, but is also incompatible with proper observation of other traffic which might be moving at the intersection. In the second place, they would have to impose a duty of anticipating that the truck would be operated in a manner opposed to all tenets of safety and care, coupled with a responsibility to take some action in order that a collision would be avoided. This is beyond all reason and would require a guaranty of safety by the defendant.

We are unable to see in the case any act which the driver of the bus did or omitted to do which proximately contributed

to the accident. It, therefore, follows that the trial court was warranted in finding as a matter of law that there was no negligence on the part of the defendant and properly directed a verdict in favor of said defendant.

The judgment below is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, BURLING, WELLS, FREUND, McLEAN, JJ. 10.

*For reversal*—COLIE, EASTWOOD, DILL, SCHETTINO, JJ. 4.