This appeal is from a judgment entered in the Union County District Court, Part V, in favor of plaintiff and against defendant for $300 after a trial before the judge without a jury. The facts are incorporated in the Findings of Fact by the court and so far as necessary for disposition of this appeal, are as follows: On March 1, 1948, *Page 326 
the plaintiff, Rose Sevack, four feet ten inches in height, was on the platform of the defendant's station at South Street, Newark, intending to board a westbound train to go to Linden. The station platform at South Street is on the level with the track. The station platform at Newark is raised to the level of the car floor. When the train stopped at South Street, plaintiff walked toward the vestibule of one of the cars, preparatory to entering it. At a point opposite the entrance to the car there was a slight depression in the brick platform, and plaintiff's attention was concentrated, because of the depression, on the platform. She grasped the handrail at the side of the vestibule and as she stepped on the first step, her face came in contact with the metal platform which was in a horizontal position, although the door above the metal platform was open. The court found that the platform was either not raised by a member of the train crew after the train left the Newark station or, if raised, it had not been securely fastened and had fallen from a vertical into a horizontal position.
Appellant argues that the defendant railroad company was guilty of no negligence which proximately contributed to the accident. The court below found as a fact that plaintiff was a passenger and hence the railroad owed a high degree of care for her safety.Garvey v. Public Service Coordinated Transport, 136 N.J.L. 533
(E. A. 1948). On the facts as set forth above, the question of the negligence of the defendant was clearly one for the court sitting without a jury to pass upon, and we will not disturb the court's finding in that particular.
It is next argued that plaintiff's injuries were due to her contributory negligence. As to this the court found that the depression in the platform diverted her attention and found as a fact that she was not guilty of contributory negligence and therefore not barred from recovery. Under the facts as stated, we agree that plaintiff's conduct was not contributorily negligent as a matter of law but was a question of fact for the trial judge.
The judgment under appeal is affirmed. *Page 327