Ralph **CAPUTO** and Catherine Caputo, his wife,

v.

**PUBLIC SERVICE COORDINATED TRANSPORT.**

**Civ. A. 16623.**

United States District Court
E. D. Pennsylvania.
May 22, 1956.

Milton M. Borowsky, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

Lynn L. Detweiler, of Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on plaintiff's motion for new trial after entry of judgment on the jury's verdict for defendant. The plaintiff, a passenger in one of defendant's buses, is suing for damages for injuries claimed to have

been caused by the negligent operation of defendant's bus resulting in the collision of that bus and a truck at the junction of New Jersey Routes 130 and 42, near Camden, New Jersey.[1]

Plaintiff alleges that it was reversible error for the court to read paragraph 5 of defendant's Points for Charge as modified by the trial judge.[2] A careful examination of the charge discloses that it correctly stated the applicable principles of law and that the language of which plaintiff complains does not constitute reversible error when read in conjunction with the language of the charge as a whole. The charge clearly pointed out that the bus company would not be absolved of liability merely because the driver of the truck was negligent.[3]

The charge continued to point out that "the defendant is a common carrier of passengers and is obliged to exercise a high degree of care to protect its passengers from danger that foresight could anticipate." [4] See Davis v. Public Service Coordinated Transport, 1934, 113 N. J.L. 427, 174 A. 540; Garvey v. Public Service Co., 1948, 136 N.J.L. 533, 57 A. 2d 14. The charge then emphasized in two places (pp. 8 and 9) that the issue for decision by the jury was whether the bus driver acted as a reasonably prudent man, owing this high degree of care to his passengers, would have operated it "under all the circumstances." There was no attempt to deprive the jury of considering the possibility that the bus driver might have taken evasive action, such as moving into the lane to the left of him, but the jury was specifically instructed to consider "all the circumstances."

Even if defendant's paragraph 5, as modified by the trial judge, was misleading, the court agreed to the comments on this paragraph made by counsel for plaintiff at the conclusion of the charge, using this language in the presence of the jury after counsel for plaintiff had made his objection in open court:

"Yes. Well, I changed it, and I get your point of view, and I think that it is perfectly correct, that

---

1. The accident happened at about 11:30 in the morning on a clear, dry day in mid-July 1953, when the bus was proceeding eastwardly toward Wildwood, New Jersey.

2. This paragraph reads as follows (pp. 11–12 of transcript):
"No one is bound to anticipate the negligence of another. And as applied to this case, the bus driver was not bound to anticipate that the truck driver would cross over from Route 130 into Route 42 until it was safe to do so. Therefore, if you find from the evidence that the bus driver operated the bus as a reasonably prudent man having a duty of exercising a high degree of care to Mrs. Caputo, and that even though operating the bus in this way he did not see the truck cutting diagonally across into the bus's lane of traffic until the front of the bus was already past the truck, then you must conclude that the bus company is not liable, and your verdict must be in favor of the defendant."

3. This language reads as follows (pp. 4–5): "If you should find that the defendant's driver failed to act as a reasonable man owing this duty of a high degree of care and that this failure contributed to the happening of the accident, and should you find that Mrs. Caputo suffered injuries by reason of said accident, your verdict should be for the plaintiffs, even though you should also find that there was negligence on the part of the driver of the truck which likewise contributed to the happening of the accident, inasmuch as the failure to act as required by law of two or more persons may concur in causing a single accident, and the law does not absolve one because of the concurrent failure of the other to act as required by law.
"So again I repeat that even if under the rules of law that may govern the liability of the furniture company's truck—and you may remember that the truck was owned by a furniture company —that that company would be liable, that would not absolve the bus company if under the rules of law which I explained to you you find that the facts are such in this case that the bus company is liable. And you are only to consider in this case the liability of the bus company on the basis of the instructions as to the law which I will give you."

4. Page 8.

278

the real question is, as I have said to you: Did this bus driver act as a reasonably prudent man would have acted having this high degree of care to the passengers, and that is what you must consider and decide." (Emphasis supplied.) (p. 23.)

Again, at the bottom of page 23, the court instructed the jury "that is up to you to determine *under all the circumstances* how you find that this accident occurred." (Emphasis supplied.)